UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

DAISY MAE MOBLEY (wife)
as proposed administratrix of the ESTATE
of CLARENCE MOBLEY, JR., deceased
and as representative of her husband,
CLARENCE MOBLEY, JR. individually
and on behalf of AYANNA T. CASTRO
(Daughter of Deceased) and Darian Mobley
(Son of Deceased)

                                    Plaintifffs.

THE CITY OF NEW YORK (CITY); THE NEW YORK
CITY DEPARTMENT OF CORRECTION (NYCDOC);
individually and in their official capacity as
New YORK CITY CORRECTION OFFICERS,
John Doe Correction officers,

                                    Defendants.
-------------------------------------------------------------X

**CIVIL ACTION NO.**

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

Plaintiffs DAISY MAE MOBLEY, AYANNA T. CASTRO and DARIAN

MOBLEY by and through their attorney Rudy Velez, Esq., state as follows:

## INTRODUCTION

1.      This is an action to recover money damages arising from the excessive use

of force and negligence by New York City Correction Officers which resulted in the

wrongful death of CLARENCE MOBLEY, JR., an inmate at Riker's Island Correctional

Facility.

> Cause of Death: Blunt Trauma of abdomen with laceration of liver and
>                           Hemoperitoneum.
> Manner of Death: Homicide (physical restraint following altercation. See
>                           attached copy of Autopsy Report.)

1

24.     MR. MOBLEY was savagedly beaten and kicked by three correction officers who each weighed over two hundred pounds and MR. MOBLEY was unarmed and emaciated from not eating for the past three days (he weighed 115 pounds at the time of autopsy).

25.     MR. MOBLEY was visibly injured as a result of the excessive use of force by the correction officers yet the correction officers never requested any medical attention for MR. MOBLEY. Instead, MR. MOBLEY was taken to a cell away from other prisoners and left there to rot in his own pain.

26.     MR. MOBLEY was left alone in a cell after the beating before another inmate finally insisted that the correction officers look in on MR. MOBLEY.

27.     No one from Riker's Island contacted any family member that MR. MOBLEY had died. Family members became aware of MR. MOBLEY'S death when they read about his death covered in the NEW YORK TIMES on May 4, 2009.

### DAMAGES

28.     As a   direct and proximate result of defendant's negligence and actions in applying excessive use of force while restraining CLARENCE MOBLEY, JR., the heirs and distributes of the decedent's estate, represented by the Plaintiffs were caused to sustain the loss of support, society, love, grief, guidance, care comfort companionship and inheritance of the decedent's death, including, but not limited to funeral and burial costs, traveling costs, and for the loss of her husband and their father, untold mental anguish, now and in the future.

29.    That Plaintiffs, will invoke all applicable provisions of law relative to damages, which are available to them.

## CAUSES OF ACTION

## COUNT I

## 42 U.S.C. §1983 and 1988; EXCESSIVE USE of PHYSICAL FORCE

30.    Paragraphs 1-29 are incorporated by reference as though fully set forth.

31.    The defendant City is a municipality duly incorporated under the laws of the State and City of New York.

32.    Defendant John Doe Correction Officers were at all times relevant herein duly appointed and acting Corrections Officers of the New York City Department of Correction.

33.    At all times mentioned herein the defendant John Doe Correction Officers were acting under color of law, to wit, under the color of the statues, ordinances, regulations, polices, customs and usages of the City and State of New York.

34.    On May 2, 2009 CLARENCE MOBLEY, JR., was present at Anna M. Kross Center at Riker's Island, New York, awaiting psychiatric evaluation following his arrest.

35.     Three New York City Correction Officers engaged MR. MOBLEY in an alleged attempt to physically restrain him (MR. MOBLEY, age 60, five foot seven, one hundred fifteen pounds).

36.     In the course of attempting to restrain MR. MOBLEY, the correction officers beat and kicked MR. MOBLEY about his face and body all while MR. MOBLEY was unarmed and these officers did cause the following injuries to MR. MOBLEY:

I.      **BLUNT TRAUMA OF TORSO**
    A.      **CUTANEOUS AND SUBCUTANEOUS OF BACK AND BUTTOCK**
    B.      **MULTIPLE (3) RIB FRACTURES, LEFT AND RIGHT**
    C.      **NEAR TRANSECTION OF LIVER AND PULOMARY CONTUSION**
    B.      **HEMOPERITONEUM (1 LITER)**
II.     **MINOR BLUNT TRAUMA OF HEAD**
    A.      **ABRASIONS OF LEFT EAR AND CONTUSIONS OF ORAL CAVITY**
    B.      **SUBSCALPULAR HEMORRHAGE, LEFT TEMPORAL**
III.    **MINOR BLUNT TRAUMA OF EXTREMITIES**
    A.      **ABRASIONS AND CUTANEOUS AND SUBCUTANEOUS CONTUSIONS OF ARMS, LEGS WRIST ANDANKLES**

37.     The said actions by defendant John Doe Correction Officers were entirely unjustified by any actions of MR. MOBLEY and constituted an unreasonable and excessive use of force.

38.     The actions alleged above deprived CLARENCE MOBLEY, JR., of the following rights under the United States Constitution:

        a. Freedom from use of excessive and unreasonable force;

        b. Freedom from summary punishment

39.     The direct and proximate result of defendant John Doe Correction Officers acts were that CLARENCE MOBLEY, JR., suffered severe and horrific injuries as previously set forth, was forced to endure great pain and mental suffering that ultimately lead to his death.

40.     Furthermore, defendant John Doe Correction Officers refused to render or seek or obtain medical care or assistance for decedent and in fact delayed emergency medical aid for at least 45minutes despite knowledge that decedent was in obvious need of such treatment. When the correction officers did render first aid, Mr. Mobley was already dead.

41.     The failure to accord proper medical treatment by defendant John Doe Correction Officers was a further proximate cause of said pain, suffering, and anguish and made decedent's death more certain.

42.     Defendant John Doe Correction Officers violated the proposed administrators and next of kin's first, fifth and 14th Amendment rights to familial association, access to Courts, and Due Process of law.

9

## COUNT II

## CONSCIOUS PAIN AND SUFFERING AND BODILY INJURIES

43.     Paragraphs 1-42 are incorporated by reference as though fully set forth.

44.     That the Defendant CITY, its agents, servants and employees, was negligent in proximately causing the death of CLARENCE MOBLEY, JR., in that the CITY allowed New York City Correction Officers to apply excessive physical force and had been negligent in the instruction and training it provides to its correction officers with respect to their permitted and non permitted use of force to restrain inmates.

45.     That heretofore, and at all times hereinafter mentioned and at the time of the occurrences herein, the Defendant, CITY, was engaged in the business of operating a correctional facility, whose duty and mandate are the care, custody and control of those inmates under its charge, including the subject correctional facility known as Riker's Island.

46.     The defendant CITY was otherwise negligent and careless, proximately resulting in the death of CLARENCE MOBLEY, JR., and plaintiff relies upon the doctrine of res ipsa loquitur.

47.     Defendant CITY did not take all necessary measures to avoid the subject incident and death of MR.MOBLEY.

**10**

48.     That by reason of the foregoing, defendant CITY is liable to pay the full, fair and reasonably damages to the Plaintiff for the conscious pain and suffering of the decedent,  his wife and children's ensuing emotional anguish.  The decedent was forced to endure great physical pain and mental suffering until he died alone in a holding cell.

49.     That by reason of the foregoing, the Defendant CITY is liable to the Plaintiffs.

## COUNT III

## WRONGFUL DEATH DAMAGES:   PENDANT CLAIM and Wrongful Death under 42 U.S.C. §1983

50.     Paragraphs 1-49 are incorporated by reference as though fully set forth.

51.     As a direct and proximate result of the negligence of Defendant CITY in causing the wrongful death of the decedent, the heirs, next of kin and distrbutees of the decedent's estate, represented by the Plaintiffs, DAISY MAE MOBLEY, AYANNA T. CASTRO, and DARIAN MOBLEY, were caused to sustain pecuniary losses, loss of support and loss in inheritance loss of society, loss of love, loss of services,

11

loss of nurture, care, and guidance, and suffered mental anguish, brief and emotional pain and suffering, and were caused to incur other necessary and reasonable expenses as a result of the decedent's death, including but not limited to funeral and burial cost, and otherwise sustained moral damages, plaintiffs will rely herein upon all laws relating to damages for conscious pain and suffering, bodily injury and wrongful death as may be held applicable.

52.     On May 2, 2009 New York City Correction Officers, acting under color of law, to wit, under the color of the statues, ordinances, regulations, policies, customs and usages of the City of New York, and within the scope of their employment, did cause the wrongful death of CLARENCE MOBLEY, JR., an inmate at Riker's Island by causing blunt trauma of abdomen with laceration of liver and hemoperitoneum. The manner of death, a homicide (physical restraint). Said homicide involved the excessive use of physical force. Said defendant correction officers did not seek of obtain medical care or assistance of decedent despite knowledge that decedent was in obvious need of such treatment.

53.     The excessive use of physical force against the decedent by the aforementioned John Doe Correction Officers was a direct and proximate cause of his pain, suffering, mental anguish, and death, The failure to accord proper medial treatment by the correction officers was a further proximate cause of said pain, suffering, anguish and made decedent's death more certain. As the Proposed Personal Representative, of the

12

ESTATE of CLARENCE MOBLEY, JR., was caused to sustain pecuniary losses, loss of

support and loss in inheritance, loss of society, loss of love, loss of services, loss of

nurture care and guidance, and suffered mental anguish, grief and emotional pain and

suffering, and was caused to incur other necessary and reasonable expenses as a result of

the decedent's death including, but not limited to funeral and curial costs and otherwise

sustained moral damages. Plaintiffs' will rely herein upon all laws relating to damages

for conscious pain and suffering, bodily injury and wrongful death as may be held

applicable.

    54.    By reason of the foregoing, Defendant, CITY is liable to the

Plaintiff for the sum previously mentioned in paragraph 35 of this complaint, exclusive of

<h3 style="text-align:center">COUNT IV</h3>

<h3 style="text-align:center">PENDENT CLAIM of GROSS NEGLEGENCE and NEGLIGENCE</h3>

    55.    Paragraphs 1-54 are incorporated by reference as though fully set

forth.

    56.    Defendant CITY has been grossly negligent and negligent in the

training and monitoring of its correction officers in the care, custody and control of its

inmates to wit: the permissible use of physical force in restraining inmates.

    57.    The CITY has a duty to make sure its correction officers do not

violate their duties as correction officers in the use of physical force on its charges.

    58.    The CITY has been grossly negligent and negligent in the

instruction and training it provides to its correction officers.

13

59.     The CITY has been on notice for many years that its correction officers play a critical role in the care, custody and control of its charges, to wit: inmates.

60.     The CITY knew or should have known, that its grossly negligent and negligent supervision and training of its correction officers created an atmosphere where correction officer felt assured that their most brazen acts of excessive use of force and violence on inmates would not be effectively investigated and prosecuted. Indeed, Stephen J. Morello, a spokeman, for the City's Department of Correction said that as of June 17, 2009, a week after the City's Medical Examiners ruled MR.MOBLEY'S death a homicide, there had been no change in the work status of the officers involved. "We have not modified anyone's assignments."

61.     The beating and death of MR. MOBLEY as previously set forth, and the subsequent lapse of over forty-five minutes before correction officers again "looked in" on MR. MOBLEY were results of the CITY'S negligent conduct.

62.     No negligence on the part of MR. MOBLEY contributed to the above-described incident and his subsequent death.

63.     By reason of the foregoing the defendant CITY is liable for the acts of its employees for gross negligence and negligence.

## COUNT V

## PENEDENT CLAIM of ASSUALT and BATTERY

64.     Paragraphs 1-63 are incorporated by reference as though fully set forth.

14

65.     By their actions, as set forth above, defendant John Doe Correction Officers, committed atrocious acts of battery against CLARENCE MOBLEY, JR., which included beating and kicking him about the face and body without cause; causing blunt trauma of abdomen with laceration of liver and hemoperitoneum and ultimately death. The use of physical force against MR. MOBLEY was excessive.

66.     The CITY is responsible for the excessive physical force use by defendant John Doe Correction Officers because it occurred while they were acting in the scope of their employment, and while they were executing their duties, albiet in a tortious manner, as correction officers of Riker's Island.

67.     As a result of the excessive use of physical force used against him, MR. MOBLEY, suffered serve and serious physical injuries which ultimately lead to his death.

## COUNT VI

### PENDENT CLAIMS OF NEGLIIGENCE FOR FAILING TO CARE, PROTECT, AND OBTAIN MEDICAL TREATMENT

68.     Paragraphs 1-67 are incorporated by reference as though fully set forth.

69.     As New York City Correction Officers, John Doe Correction Officers had a duty to care, protect, and obtain medical treatment for MR. MOBLEY while he was being held as a prisoner at Riker's Island.

70.     These defendants knew or should have known about the severe injuries MR. MOBLEY had suffered immediately after their attempt to restrain him, and

15

were negligent in their failure to protect him form further injury and their failure to prevent an unconscionable and unnecessary denial and delay in medical treatment and transport to a hospital.

## COUNT VII

### PENDENT CLAIM OF PRIMA FACIE TORT

71.     Paragraphs 1-70 are incorporated by reference as though set forth.

72.     By their actions, as set forth above, defendants John Doe Correction Officers inflicted harm upon MR. MOBLEY, without excuse or justification, out of the excessive use of physical force.

## COUNT VIII

### PENDENT CLAIM-REPONDEAT SUPERIOR

73.     Paragraphs 1-72 are incorporated by reference as thoughfully set forth.

74.     At all relevant times, all defendant employees of the City of New York were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

75.     Consequently, the CITY is liable under the doctrine of respondent superior for their tortious actions.

16

**COUNT IX**

**42 U.S.C. §1983 AND PENDENT CLAIM BY DAISY MAE MOBLEY, AYANNA**

**T. CASTRO AND DARIAN MOBLEY**

76.     Paragraphs 1-75 are incorporated by reference as though fully set forth.

77.     At all times relevant to this action, DAISY MAE MOBLEY, was and is the lawful spouse of CLARENCE MOBLEY, JR., (now widow) and as such was and is entitled to the comfort, enjoyment, society and services of her spouse. By reason of the foregoing conduct by defendants, DAISY MAE MOBLEY, was deprived of the comfort and enjoyment of the services and society of her spouse, which are guaranteed to plaintiff under the laws and constitution of the State of New York and can be adjudicated in this litigation under the Court's supplementary jurisdiction, Moreover, defendants' conduct undermined DAISY MAE MOBLEY'S liberty interest in preserving the integrity and stability of the marital relationship from intervention by the state without due process of law.

**WHEREFORE**, plaintiffs' request the following relief jointly and severally as against all of the defendants:

1.      Award compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000,00).

17

2.    Disbursements, cost, and attorneys' fees; and

3.    For such other and further relief as to this Court may seem just and

proper.

## PLAINTIFFS DEMAND TRIAL BY JURY

DATED:  Bronx, New York
        September 8, 2009

Respectfully Submitted:

By: _____

Rudy Velez (RV7160)
Law Office of Rudy Velez and Associates
930 Grand Concourse
Suite: 1A
Bronx, New York 10451
(718) 993-3062 (Office)
(718) 993-3064 (Fax)
rvesq.@yahoo.Com (E-Mail)

18



# OFFICE OF CHIEF MEDICAL EXAMINER
CITY OF NEW YORK

## REPORT OF AUTOPSY



Name of Decedent:    Clarence Mobley                 M.E. Case #: B09-01739

Autopsy Performed by: Dr. Andrea Coleman           Date of Autopsy: May 3, 2009

---

## FINAL DIAGNOSES

I.    BLUNT TRAUMA OF TORSO
    A.    CUTANEOUS AND SUBCUTANEOUS CONTUSIONS OF BACK AND BUTTOCK
    B.    MULTIPLE (3) RIB FRACTURES, LEFT AND RIGHT
    C.    NEAR TRANSECTION OF LIVER AND PULMONARY CONTUSION
    B.    HEMOPERITONEUM (1 LITER)
II.   MINOR BLUNT TRAUMA OF HEAD
    A.    ABRASIONS OF LEFT EAR AND CONTUSIONS OF ORAL CAVITY
    B.    SUBSCALPULAR HEMORRHAGE, LEFT TEMPORAL
III.  MINOR BLUNT TRAUMA OF EXTREMITIES
    A.    ABRASIONS AND CUTANEOUS AND SUBCUTANEOUS CONTUSIONS OF ARMS, LEGS, WRISTS AND ANKLES
IV.   ATHEROSCLEROTIC CARDIOVASCULAR DISEASE
    A.    FOCAL ATHEROSCLEROTIC STENOSIS OF CORONARY ARTERY, MILD
    B.    OLD MYOCARDIAL INFARCT
V.    CEREBRAL CONTUSIONS, ORGANIZED, TEMPORAL LOBES
    A.    SEE NEUROPATHOLOGY REPORT
VI.   STATUS POST
    A.    PARTIAL HEMITHYROIDECTOMY, REMOTE
    B.    APPENDECTOMY, REMOTE

---

**<u>CAUSE OF DEATH:</u>**    **BLUNT TRAUMA OF ABDOMEN WITH LACERATION OF LIVER AND HEMOPERITONEUM.**

**<u>MANNER OF DEATH:</u>**    **HOMICIDE    (PHYSICAL RESTRAINT FOLLOWING ALTERCATION).**

THIS IS A TRUE COPY
Office of Chief Medical Examiner
This record cannot be released without
prior consent from the office of Chief
Medical Examiner, New York City, N.Y.

E. Saunders
5/2/09