14. At all times relevant herein, defendant CORRECTION OFFICER, GEORGE LOCICERO, Shield # 18441, was and still is a Correction Officer of the New York City Department of Correction assigned to the Anna M. Kross Center, 18-18 Hazen Street, East Elmhurst, New York., 11370; acting as agents, servants, and employees of Defendant City of New York.

15. At all times relevant herein, defendant CORRECTION OFFICER, DANIEL COWANS, Shield # 15912, was and still is a Correction Officer of the New York City Department of Correction assigned to the Anna M. Kross Center, 18-18 Hazen Street, East Elmhurst, New York., 11370; acting as agents, servants, and employees of Defendant City of New York.

16. At all times relevant herein, defendant CAPTAIN MICHAEL MITICHELL, Shield # 700, was and still is a Correction Officer of the New York City Department of Correction assigned to the Anna M. Kross Center, 18-18 Hazen Street, East Elmhurst, New York., 11370; acting as agents, servants, and employees of Defendant City of New York.

17. At all times relevant herein, defendant ASSISTANT DEPUTY WARDEN RALEEM MOSES, Shield # 119, was and still is a Correction Officer of the New York City Department of Correction assigned to the Anna M. Kross Center, 18-18 Hazen Street, East Elmhurst, New York., 11370; acting as agents, servants, and employees of Defendant City of New York.

## NOTICE OF CLAIM

18. Plaintiffs, in furtherance of their causes of action, filed timely Notice of Claim against the City, in compliance with General Municipal Law Section 50. A 50-H hearing was conducted on October 13, 2009.

19. More than 30 days have elapsed since service of said notice and the City has failed to pay or adjust the claim.

20. This action has been commenced within one year and ninety days after Plaintiffs' claim arose.

## FACTUAL AND GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

21. In the early hours of April 24, 2009, CLARENCE MOBLEY, JR., left his South Carolina home for New York City, where he was to join his family in attending his former mother-in-law's funeral.

22. Darian Mobley, the son of CLARENCE MOBLEY, JR., had expected to hear from his father, who was to say with him, after CLARENCE MOBLEY, JR., arrived at the Port Authority on the afternoon of the 24th, but no call came.

23. When CLARENCE MOBLEY, JR., failed to arrive at the Harlem Funeral on the 26th, his sister Kathleen Mobley, who also lives in South Carolina, contacted the New York Police Department.

24. On April 30th, 2009 CLARENCE MOBLEY, JR., was arrested for the attempted burglary of a Queens beauty salon. MR. MOBLEY, 60, was sent to the

Anna M. Kross Center at the jail about 8:45 p.m. on Saturday, May 2, 2009. The police department had informed Correction authorities that MR. MOBLEY had been given a psychiatric evaluation after his arrest, but after he arrived at the jail, correction officers decided that he needed to be examined again.

25. As MR. MOBLEY was being prepared to be transferred to the hospital, he allegedly "took a swing at a correction officer with a meal tray." That officer and at least two other large correction officers joined in, an attempt they claim helped to subdue MR. MOBLEY, all five feet seven inches and one hundred and fifteen pounds of him.

26. MR. MOBLEY was physically restrained by at least three correction officers and was then put in a holding cell away from the other prisoners. No medical attention was summoned for or provided to MR. MOBLEY yet the officers involved in the excessive use of force in the alleged attempt to restrain MR. MOBLEY were treated by a doctor who found no injuries to the officers.

27. After at least forty- five minutes passed, an inmate mopping the floor informed officers to check on MR. MOBLEY.

28. When Correction Officers later checked on MR.MOBLEY he was unresponsive and he was pronounced dead at the scene. Based on information and belief plaintiff has reason to believe that the Correction Officers involved in the aforementioned events are Correction Officers: SHANE HUTCHINSON, Shield #17243, Correction

7.